UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN M. ENGQUIST, JR.

VERSUS

GULF SHORES POWER SPORTS, INC.

CIVIL ACTION

NO. 13-cv-324-JJB

## RULING ON MOTION TO DISMISS

Before the Court is a motion to dismiss (doc. 8) filed by Defendant Gulf Shores Power Sports, Inc. ("GSPS") against Plaintiff John M. Engquist, Jr. ("Engquist"). Engquist filed an opposition (doc. 11), and GSPS filed a reply (doc. 14). Oral argument is unnecessary. The Court has jurisdiction over the state law claims presented in the complaint under 28 U.S.C. § 1332. For the reasons herein, the Court GRANTS the motion to dismiss.

I. Factual and Procedural Background

GSPS is a business located in Gulf Shores, Alabama, which sells and services motorcycles, ATVs, jet skis, wave runners, boats, and vessels. GSPS does not have an office, agent, or employee in Louisiana. GSPS has not sent any personnel to Louisiana to solicit business. GSPS does have a website, located at www.gspowersports.com. The vessel at issue was never shown on GSPS's website.

In 2013, Plaintiff, a resident of Louisiana, saw an advertisement on BoatTrader.com and subsequently began negotiating with Todd Kercher, arguably an agent of GSPS, in early May for the purchase of a Yellow Fin boat, three Yamaha motors, and a boat trailer. Negotiations occurred through email and telephone correspondence over a span of several weeks. During this process, Purchase Agreements were exchanged and GSPS instructed Engquist to wire funds to GSPS and obtain boat insurance.

1

The vessel was located in Alabama. On May 9, 2013, Engquist wired a deposit payment of $20,000 to GSPS's bank in Alabama. After a first sea trial was canceled, Engquist traveled to Alabama on May 17, 2013 for a test drive. That day, GSPS asserted that the sale would not be completed. Engquist's deposit was returned to him via overnight mail on May 17, 2013 and was delivered to the provided address in Louisiana on May 20, 2013.

Engquist filed this suit against GSPS asserting breach of contract and requesting specific performance. GSPS has filed a motion to dismiss, arguing that (1) this Court lacks personal jurisdiction over GSPS; and (2) the Middle District of Louisiana is an improper venue. GSPS argues this Court lacks personal jurisdiction because GSPS's contacts with the state does not give rise to either specific or general jurisdiction. GSPS further argues that the venue is improper because there is another district where venue is proper, namely the Southern District of Alabama, and Engquist incorrectly relied on 28 U.S.C. § 1391(c) instead of 28 U.S.C § 1391(b) in asserting venue was proper.

II.  Law and Analysis

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident, which must be met by a prima facie showing. *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.,* 615 F.3d 364, 368 (5th Cir. 2010). In deciding upon a motion to dismiss for lack of personal jurisdiction, courts within the Fifth Circuit accept the plaintiff's allegations as true, unless they are controverted by the defendant or are simply conclusory statements. *Panda Brandywine v. Potomac,* 253 F.3d 865, 86 (5th Cir. 2001). Conflicts between the parties' facts are resolved in the plaintiff's favor. *Id.* at 868.

2

Case 3:13-cv-00324-JJB-RLB    Document 18    10/08/13    Page 2 of 7

In a diversity action, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by applicable state law. Fed.R.Civ.P. 4(e)(1); *Panda Brandywine,* 253 F.3d at 868. Louisiana's long-arm statute authorizes the exercise of jurisdiction to the extent allowable within the scope of the Due Process Clause. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002). A court's exercise of personal jurisdiction over a nonresident defendant comports with the due process clause when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that state and (2) the court's exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

The "minimum contacts" inquiry is fact intensive and no one element is decisive; rather, the touchstone is whether the defendant purposely directed his activities towards the forum state, such that he could reasonably foresee being hailed into court there. *Luv N' Care Ltd. v. InstaMix, Inc.,* 438 F.3d 465, 470 (5th Cir. 2006) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). "The 'minimum contacts' prong of the test is perhaps the most difficult to ascertain and has been refined to determine two types of personal jurisdiction-specific or general." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc*., 9 F.3d 415, 418 (5th Cir. 1993). Specific jurisdiction is present when the defendant "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General jurisdiction is present "[w]hen a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum," but finds personal jurisdiction is proper

3

due to the "sufficient contacts between the State and the [defendant]." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984).

GSPS asserts that neither general nor specific jurisdiction exists but even if this Court determines that such jurisdiction exists, exercising jurisdiction over GSPS would offend the notions of "fair play and substantial justice."

To establish specific jurisdiction, a three-step analysis must be conducted, considering "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 271 (5th Cir. 2006) (citing *Nuovo Pignone, SpA*, 310 F.3d at 378). Purposely availing one's self can occur through creating "continuing obligations." *Burger King,* 471 U.S. 462, 476. Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. *Id*. at 472. If the plaintiff establishes the first two steps, the defendant has the burden to defeat jurisdiction by showing that its exercise would be unfair or unreasonable. *Nuovo Pignone, SpA,* 310 F.3d at 382.

Here, the Court finds that GSPS did not purposely direct its activities towards this forum state, nor did this litigation result from alleged injuries that arose out of, or related to, activities in this state. GSPS has no offices in Louisiana, did not market directly to the Plaintiff, and no representative went to Louisiana in conjunction with the transaction. Further, the email and telephone communications were not sufficient to establish minimum contacts. *See*

*Freudensprung v. Offshore Tech. Servs. Inc.,* 379 F.3d 327, 344 (5th Cir. 2004); *Antonini v. Blue Gate Farm, LLC,* 2012 WL 663211 (E.D. La. 2013).

When a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, a court may exercise general jurisdiction when the defendant has engaged in "continuous and systematic contacts" in the forum. *Nuovo Pignone, SpA*, 310 F.3d at 378. A general business presence is needed to exert general jurisdiction over a defendant. *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 717 (5th Cir. 1999). "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). General jurisdiction has been found where a defendant company aimed a thorough advertising campaign at Louisiana residents, which included radio and television advertisements; where the defendant company conducted a three-day seminar in New Orleans, Louisiana, for the purpose of developing business from Louisiana; and where the defendant company appointed a sales representative to the Louisiana area specifically. *See Pedelahore v. Astropark, Inc.,* 745 F.2d 346, 349 (5th Cir. 1984).

Here, the Court finds that GSPS did not have "continuous, systematic and substantial" contacts sufficient to justify general jurisdiction. GSPS does not have an agent for service of process, or any employees, representatives, or officers in Louisiana. GSPS does not own or rent property, keep any offices, facilities, or operations in Louisiana. GSPS has not paid any taxes in Louisiana, has no telephone listing in Louisiana, and has never filed suit in Louisiana.

Plaintiff argued that jurisdiction is established by the stream of commerce theory, which holds that "a defendant's placing of its product into the stream of commerce with the knowledge that the product will be used in the forum state is enough to constitute minimum contacts."

5

*Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 419 (5th Cir. 1993) (*citing World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298 (1980)). The stream of commerce theory is inapplicable to this case as no contract was in existence and the vessel was never placed into the stream of commerce by a transfer of title.

Further, Plaintiff argues that general jurisdiction is established by GSPS's website. In regards to websites, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). The sliding scale articulated in *Zippo Mfg. Co.* has been adopted by the Fifth Circuit. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999)). However, it is noted that the sliding scale "is not well adapted to the general jurisdiction inquiry, because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction-in other words, while it may be doing business *with* [a state], it is not doing business *in* [a state]." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002). Here, this Court finds that GSPS's website did not establish general jurisdiction.

Finding insufficient contacts, an analysis of the traditional notions of fair play and substantial justice is not necessary, nor is a discussion of venue.

### III. Conclusion; Order

Accordingly, defendants' motion to dismiss (doc. 8) is GRANTED. The Court does not have personal jurisdiction over Gulf Shores Power Sports, Inc.

Signed in Baton Rouge, Louisiana, on October 8, 2013.

_____
**JAMES J. BRADY
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

7